Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | James F. Holderman | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 12 C 2981 | **DATE** | 9/26/2012 |
| **CASE TITLE** | Shameka Brown vs. Fifth Third Bank | | |

**DOCKET ENTRY TEXT**

Pending before the court are defendant Fifth Third Bank's motion to dismiss (which was pending at the time of removal, and can be found at Dkt. No. 1, Ex. C) and plaintiff Shameka Brown's motion to remand the case to state court [13]. Those motions are under advisement. After reviewing the motions and the applicable law, the court has determined that an evidentiary hearing is necessary. That evidentiary hearing is set for 10/16/12, at 10 am. A status report is set for 10/9/12, at 9 am. The counsel who will participate in the evidentiary hearing are requested to attend the 10/9/12 status report. The parties are encouraged to discuss settlement.

■[ For further details see text below.]   Docketing to mail notices.

# STATEMENT

## BACKGROUND

On June 29, 2011, plaintiff Shameka Brown filed a retaliatory discharge complaint in the Circuit Court of Cook County against her former employer Fifth Third Bank, alleging that Fifth Third Bank terminated her in violation of the Illinois Human Rights Act, 775 ILCS 5/2-102, and state common law. (*See* Dkt. No. 20, Ex. A.) Brown had been an employee at the Deerfield Banking Center Branch at 240 Skokie Blvd. in Northbrook, Illinois, which is run by Fifth Third Bank. (Dkt. No. 33 ¶ 1).

Although Fifth Third Bank asserts that Brown never properly served the summons and complaint on it, Fifth Third Bank apparently learned of the suit from some other source and filed an appearance in state court on February 6, 2012. (*Id.*) Thereafter, on February 13, 2012, Fifth Third Bank filed a motion to dismiss the complaint. (Dkt. No. 1., Ex. C.) The motion to dismiss contended, first, that the complaint should be dismissed for lack of diligence in service of process under Illinois Supreme Court Rule 103(b). Second, it contended that Brown filed the wrong document when she attempted to file the complaint in the state court record. According to Fifth Third Bank, the first page and the prayer for relief of the document Brown filed reference Brown's complaint against Fifth Third Bank, but the intervening six pages refer to an unrelated lawsuit that never mention Brown. (Dkt. No. 1, Ex. C., at 2.) Fifth Third Bank attached a copy of that document, which the court will refer to as the "Wrong Complaint," to its motion. (Dkt. No. 1, Ex. C, Ex. A.)

In its response to Fifth Third Bank's motion to dismiss, Brown disputed the factual premise of both of Fifth Third Bank's arguments. First, Brown attached three affidavits from its process server, Lisa Connolly, indicating that Brown served Fifth Third Bank on September 27, 2011. (Dkt. No. 1, Ex. E, Exs. B-D.) Connolly states that she first attempted to serve Fifth Third Bank at the Deerfield Banking Center Branch on July 29, 2011, but was turned away by the receptionist and told that she must serve Fifth Third Bank at its registered agent,

## STATEMENT

Illinois Corporate Service Co. ("CSC"), at 801 Adlai Stevenson Drive in Springfield, Illinois. (Dkt. No. 1, Ex. E, Ex. D.) After obtaining an alias summons, she then left the alias summons with the receptionist at CSC on September 27, 2011.

Second, Fifth Third Bank attached a copy of another complaint which refers to Brown throughout (and which the court will refer to as the "Correct Complaint"), and asserted that the Correct Complaint had been served on Fifth Third Bank and was the only complaint in the state court record. (Dkt. No. 1, Ex. E, Ex. A.)

After receiving a copy of Brown's response on April 11, 2012, Fifth Third Bank asserts that it learned from the Correct Complaint that the amount in controversy exceeded $75,0000. (Dkt. No. 1 ¶¶ 6-7.) Because Fifth Third Bank is an Ohio corporation and Brown is a citizen of Illinois, Fifth Third Bank then removed the case to federal court on the basis of diversity of citizenship on April 23, 2012. (Dkt. No. 1.) While in federal court, the parties completed the briefing on Fifth Third's motion to dismiss. (*See* Dkt. Nos. 8, 23, 29.) In addition, on May 23, 2012, Brown filed a motion to remand the case to state court on the procedural ground that Fifth Third Bank removed the case outside of the 30-day time limit allowed by 28 U.S.C. § 1446(b).

Both Fifth Third's motion to dismiss and Brown's motion to remand are currently pending before the court. Although the parties have not briefed Brown's motion to remand, its disposition turns on the same factual questions that have been extensively briefed in relation to the motion to dismiss. Both motions are therefore ripe for decision, except that factual issues exist that can only be resolved through an evidentiary hearing.

## ANALYSIS

Under federal law, a defendant in state court may remove a case to federal court only if it files the notice of removal in federal court "within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based." 28 U.S.C. § 1446(b). According to Brown, Fifth Third Bank was served with the complaint on September 27, 2011, so the removal on April 23, 2012, was outside the 30-day limit. In response, Fifth Third Bank raises a number of objections to the sufficiency of process, including a competing affidavit from Andrew Gachaiya, a Customer Service Specialist at CSC, contesting Connolly's statement that she served a summons on Fifth Third Bank at CSC on September 27, 2011. (Dkt. No. 33, Ex. F ¶¶ 7-8.) Because the alleged service occurred before removal, the court applies state procedural rules to determine the sufficiency of process. *Romo v. Gulf Stream Coach, Inc.*, 250 F.3d 1119, 1122-1123 (7th Cir. 2001) (state procedural rules apply to determine whether defendant was timely served before removal).

Resolving the factual dispute between Gachaiya and Connolly requires an evidentiary hearing. *See State Bank of Lake Zurich v. Thill*, 497 N.E.2d 1156, 1163 (Ill. 1986) ("[An] affidavit of service is *evidence* which may be overcome only by a contradictory affidavit or personal testimony. Thus, the defendants' challenge to the service in the present case and the filing of the affidavits of the process servers in response to this challenge created an issue of fact as to the service which should have been resolved by the circuit court."). That may not be necessary, however, because even assuming Connolly's account to be true, her service on Fifth Third was not proper.

The proper defendant in this case is "Fifth Third Bank," the operator of the Deerfield Banking Center

**STATEMENT**

Branch. (Dkt. No. 33 ¶ 1.) The summons that Connolly says she served on CSC on September 27, 2011, however, is addressed to "Fifth Third Asset Management" (Dkt. No. 32, Ex. A), a wholly owned subsidiary of Fifth Third Bank (Dkt. No. 33, Ex. B). CSC is the registered agent for Fifth Third Asset Management in Illinois, but is not the registered agent for Fifth Third Bank. (Dkt. No. 33 ¶¶ 4, 11.) Accordingly, Connolly attempted to serve Fifth Third Bank by serving the registered agent of its wholly owned subsidiary.

Illinois law establishes, however, that "[t]he mere fact that a corporation is owned by another corporation does not render the subsidiary a proper agent for service of process upon the parent." *Rymal v. Ulbeco, Inc.*, 338 N.E.2d 209, 212 (Ill. App. Ct. 1975). Instead, Illinois courts will disregard corporate formalities only "[w]here the facts indicate that one corporation so controls the affairs of another corporation that the two entities are essentially one." *Id.* at 213. Here, Brown presents no facts indicating that the court should treat Fifth Third Bank and Fifth Third Asset Management as the same entity.

Instead, Brown contends that 735 ILCS 5/2-616(d) authorizes service on a corporation through its subsidiary. The language that Brown cites, however, comes from a version of that statute that was effective only until January 1, 2002. *See* 2001 Ill. Laws 116. Even the older version of the statute is irrelevant, however, for it addresses only the relation back of an amended complaint, not the requirements for service. Accordingly, service on Fifth Third Bank's subsidiary was insufficient to effectuate service on Fifth Third Bank.

Fifth Third Bank thus did not receive the Correct Complaint on September 27, 2011. The removal statute, however, requires that the notice of removal be filed "within 30 days after the receipt by the defendant, through service *or otherwise*," of the complaint. 28 U.S.C. § 1446(b) (emphasis added). If Fifth Third Bank had access to the Correct Complaint from some other source, therefore, the 30-day clock began to run at that moment.

To decide when Fifth Third Bank gained access to the Correct Complaint, however, the court must resolve the dispute between the parties about which complaint was filed in the state court record. Following removal, the court required Fifth Third Bank to file a certified copy of the state court record. (Dkt. No. 19.) The first document in the certified state court record is the Correct Complaint, stamped June 29, 2011, at 4:35 p.m. (Dkt. No. 20, Ex. B.) Moreover, the Wrong Complaint never appears as a pleading in the state court record. (*Id.*) Normally, federal courts presume state court records are sufficiently reliable to be judicially noticed. *See Ennenga v. Starns* 677 F.3d 766, 773-74 (7th Cir. 2012) ("Here, the court took judicial notice of the dates on which certain actions were taken or were required to be taken in the earlier state-court litigation—facts readily ascertainable from the public court record and not subject to reasonable dispute."); *Henson v. CSC Credit Servs.*, 29 F.3d 280, 284 (7th Cir.1994) (finding public court documents judicially noticeable).

Here, however, Fifth Third Bank's attorney has submitted an affidavit asserting that she checked the state court record before filing her appearance on February 6, 2012, and that the Wrong Complaint was the only complaint in the state court record . (Dkt. No. 9, Ex. G ¶¶ 2-3.) She persisted with that assertion even after the certified state court record revealed that the Correct Complaint had been filed in the record on June 29, 2011. According to her statement submitted with the certified state court record on June 21, 2012:

> When Fifth Third's counsel was obtaining the certified copies [of the state court record], one other pleading was missing from the court file: the complaint Fifth Third has referred to as the "Initial" Complaint [aka the Wrong Complaint] was not in the state court file. This was the first time, in

the several occasions in which Fifth Third looked at the state court file, that the Initial Complaint was not in the file.

(Dkt. No. 20 ¶ 4.) On the other hand, Brown's attorney submitted a conflicting affidavit indicating that the only complaint he ever filed was the Correct Complaint, and that he checked the state court record and confirmed that the Correct Complaint was there sometime between February 14, 2012, and April 11, 2012. (Dkt. No. 1, Ex. E, Ex. E ¶¶ 2, 8.)

Fifth Third Bank's attorney's statement is bolstered somewhat by four entries in the state court docket. On January 24, 2012, there is an entry reading "file amendment or additional or amended pleadings—allowed—." (Dkt. No. 20, Ex. A.) On March 1, 2012, there are two more entries also reading "file amendment or additional or amended pleadings—allowed—." (*Id.*) On April 9, 2012, there is an additional entry reading "strike or withdraw complaint, amended complaint or portion there[of]." (*Id.*) There are no filings corresponding to those entries, and no other indication of whether those entries indicate that some change was made to the pleadings. The court is under the impression that even if there was an amended pleading, it would appear as a separate document, and would not simply replace the original pleading in the court file. On the other hand, the docket entries indicate that some change may have occurred to the pleadings. Moreover, the attorneys' affidavits directly contradict each other, suggesting that at least one of them was lying, or was seriously confused.

The court concludes that the only way to resolve the dispute about which complaint was in the state court record on February 6, 2012, when Fifth Third Bank filed its appearance, is to hold an evidentiary hearing. If the court determines that the Correct Complaint was in the state court record on February 6, then Fifth Third Bank had notice of the Correct Complaint as of that date, and its removal to federal court on April 23, 2012, was outside the 30-day limit. The court will then remand the case to state court.

On the other hand, if the court determines that the Wrong Complaint was in the state court record on February 6, 2012, and that Fifth Third Bank could not have obtained notice of it from the state court record thereafter, a further inquiry is necessary to resolve the pending motions. In that case, Fifth Third Bank would not have obtained the Correct Complaint until April 11, 2012, when it was attached to Brown's response, and Fifth Third Bank's removal to federal court was then timely. The court will then have to determine which complaint is currently operative. If the Wrong Complaint is operative, it is likely that the court lacks subject matter jurisdiction, because the Wrong Complaint does not indicate that there is at least $75,000 in controversy. Remand to state court will thus follow. If the Correct Complaint is now operative, the motion to remand will be denied, and the court must then address Fifth Third Bank's motion to dismiss on its merits. The motion's argument that Brown has not stated a claim will fail, as Fifth Third Bank makes no argument that the Correct Complaint fails to state a claim.

The court will then be left to evaluate Fifth Third Bank's argument that the case should be dismissed for lack of diligence in service of process. The court will evaluate the factors that Illinois courts use to determine if Brown has employed "reasonable diligence in effectuating service":

> Each case is decided on its own facts and circumstances, and while no absolute standard exists, certain non-exclusive factors are to be considered, such as (1) the length of time used to obtain service of process, (2) the activities of the plaintiff during that time period, (3) the plaintiff's

| STATEMENT |
|---|

knowledge of the defendant's location; (4) the ease with which the defendant's whereabouts could have been ascertained, (5) actual knowledge on the part of the defendant concerning the pendency of the action, (6) any special circumstances affecting the plaintiff's efforts at service, and (7) actual service on the defendant.

*Kole v. Brubaker*, 759 N.E.2d 129, 134 (Ill. App. Ct. 2001). Accordingly, even though Connolly's attempt to serve Fifth Third Bank at CSC in Springfield failed (even assuming it occurred) because the summons was addressed to the wrong party (and CSC was, in any case, not Fifth Third Bank's registered agent), the court will consider as a factor whether Fifth Third Bank's receptionist misled Connolly by instructing her that Fifth Third Bank could be served at CSC.

Accordingly, at the evidentiary hearing, the parties should be prepared to present evidence and argument on the following questions: (1) Which complaint was present in the state court record on February 6, 2012, and if it was the Wrong Complaint, at what point, if ever, did the Correct Complaint replace it? (2) Which complaint is the operative complaint now? (3) Are the affidavits of Lisa Connolly, Brown's process server, accurate insofar as they indicate that she attempted to serve a summons on Fifth Third Bank at CSC on September 27, 2012, according to the instructions of the receptionist at the Deerfield Banking Center Branch, or is the affidavit of Andrew Gachaiya, indicating that CSC received no summons related to this case on that date, correct?

The parties may also present at the hearing any other evidence or argument they desire on the question of whether Brown acted diligently in her attempt to serve process on Fifth Third Bank. The case is set for a status report at 9 am on October 9, 2012, to discuss the parameters of the hearing further. The parties are encouraged to discuss settlement.

*James F. Holderman*