IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| SHAMEKA BROWN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 12 C 2981 |
| | ) | |
| FIFTH THIRD BANK, | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |

MEMORANDUM OPINION AND ORDER

JAMES F. HOLDERMAN, Chief Judge:

Pending before the court are plaintiff Shameka Brown's motion to remand this case to state court (Dkt. No. 13) and defendant Fifth Third Bank's motion to dismiss (which was pending at the time of removal, and can be found at Dkt. No. 1, Ex. C). To attempt to resolve several evidentiary disputes related to the motions, the court began to hold an evidentiary hearing on December 19, 2012. In preparation for the hearing, the court ordered counsel for both sides to submit "any agreed factual findings, a list of witnesses with a brief summary of what they will testify to, any relevant documents, and pertinent law" by December 14, 2012. (Dkt. No. 40.) Fifth Third Bank submitted the required materials on December 14, 2012 (Dkt. No. 41-43), and indicated that although it had proposed agreed factual findings to Brown on December 11, 2012 (Dkt. No. 43, at 1 n.1.), Brown had not responded. Brown did not submit any materials to the court before December 19, 2012.

Richard Zachary, counsel for Brown, appeared fifteen minutes late to the hearing on December 19, 2012. Upon his arrival, Mr. Zachary attempted to tender to the court his exhibits and witness list for the hearing. Because neither Fifth Third Bank nor the court had an opportunity to review the exhibits Brown's counsel tendered prior to the hearing, the court stated that it may be

necessary to continue the hearing. Because one of Fifth Third Bank's witnesses had traveled from Delaware and another was soon leaving the country for an extended period, however, the court heard the testimony of those two witnesses before continuing the hearing for January 9, 2013, at 9:30 am. Because of several representations by Brown's counsel during and after the testimony of the two witnesses on December 19, 2012, however, the court determines that the pending motions can be resolved without further testimony, and without any further evaluation by the court of the outstanding factual disputes. Accordingly, the court denies Brown's motion to remand (Dkt. No. 13) and grants Fifth Third Bank's motion to dismiss (Dkt. No. 1, Ex. C). The evidentiary hearing set for January 9, 2013, at 9:30 am is cancelled.

## BACKGROUND

On June 29, 2011, plaintiff Shameka Brown filed a retaliatory discharge complaint in the Circuit Court of Cook County against her former employer Fifth Third Bank, alleging that Fifth Third Bank terminated her in violation of the Illinois Human Rights Act, 775 ILCS 5/2-102, and state common law. (*See* Dkt. No. 20, Ex. A.) Brown had been an employee at the Deerfield Banking Center Branch at 240 Skokie Blvd. in Northbrook, Illinois, which is operated by Fifth Third Bank. (Dkt. No. 33 ¶ 1).

Fifth Third Bank asserts that Brown never properly served it with the summons and complaint. Yet, Fifth Third Bank apparently learned of the suit from some other source and filed an appearance in state court on February 6, 2012. (*Id.*) Thereafter, on February 13, 2012, Fifth Third Bank filed a motion to dismiss the complaint. (Dkt. No. 1., Ex. C.) The motion to dismiss contended, first, that the complaint should be dismissed for lack of diligence in service of process under Illinois Supreme Court Rule 103(b). Second, it contended that Brown filed the wrong document when she

attempted to file the complaint in the state court record. According to Fifth Third Bank, the first page and the prayer for relief of the document Brown filed referenced Brown's complaint against Fifth Third Bank, but the intervening six pages refer to an unrelated lawsuit and never mention Brown. (Dkt. No. 1, Ex. C., at 2.) Fifth Third Bank attached a copy of that document, which the court will refer to as the "Wrong Complaint," to its motion. (Dkt. No. 1, Ex. C, Ex. A.)

In its response to Fifth Third Bank's motion to dismiss, Brown disputed the factual premise of both of Fifth Third Bank's arguments. First, Brown attached three affidavits from its process server, Lisa Connolly, indicating that Brown served Fifth Third Bank on September 27, 2011. (Dkt. No. 1, Ex. E, Exs. B-D.) Connolly states that she first attempted to serve Fifth Third Bank at the Deerfield Banking Center Branch on July 29, 2011, but was turned away by the receptionist and told that she must serve Fifth Third Bank at its registered agent, Illinois Corporate Service Co. ("CSC"), at 801 Adlai Stevenson Drive in Springfield, Illinois. (Dkt. No. 1, Ex. E, Ex. D.) After obtaining an alias summons, she then left the alias summons with the receptionist at CSC on September 27, 2011.

Second, Fifth Third Bank attached a copy of another complaint which refers to Brown throughout (and which the court will refer to as the "Correct Complaint"), and asserted that the Correct Complaint had been served on Fifth Third Bank on September 27, 2011, and was the only complaint in the state court record. (Dkt. No. 1, Ex. E, Ex. A.) To complicate matters further, Brown stated that, unbeknownst to Brown's attorneys, the envelope that was served on Fifth Third Bank included an "unrelated bunch of pages stapled together due to the inadvertent oversight of an unidentified employee in [their] office"—the Wrong Complaint. (Dkt. No. 1, Ex. E, at 2 n.4.) According to Brown, Fifth Third Bank was thus served on September 27, 2011, with both the Wrong Complaint and the Correct Complaint, but Fifth Third Bank chose to ignore the Correct Complaint

and responded by filing a motion to dismiss the Wrong Complaint.

After receiving a copy of Brown's response on April 11, 2012, Fifth Third Bank learned from the Correct Complaint that the amount in controversy exceeded $75,0000. (Dkt. No. 1 ¶¶ 6-7.) Because Fifth Third Bank is an Ohio corporation and Brown is a citizen of Illinois, on April 23, 2012, Fifth Third Bank removed the case to federal court on the basis of diversity of citizenship. (Dkt. No. 1.) While in federal court, the parties completed the briefing on Fifth Third Bank's motion to dismiss. (*See* Dkt. Nos. 8, 23, 29.) In addition, on May 23, 2012, Brown filed a motion to remand the case to state court on the procedural ground that Fifth Third Bank removed the case outside of the 30-day time limit allowed by 28 U.S.C. § 1446(b).

The briefing on the motion to dismiss left two key factual issues outstanding. First, Fifth Third Bank submitted two affidavits from Andrew Gachaiya, a Customer Service Specialist at CSC, contesting Connolly's statement that she served a summons on Fifth Third Bank at CSC on September 27, 2011. (Dkt No. 6, Ex. F; Dkt. No. 33, Ex. F.) According to Gachaiya, CSC has no record of any summons served on that date directed to Fifth Third Bank or any related entity. (Dkt. No. 33, Ex. F ¶ 7.) Gachaiya's affidavit thus directly contradicts Connolly's affidavit about her efforts to serve Fifth Third Bank at CSC in Springfield.

Second, the parties continued to dispute the contents of the state court record. Following removal, the court ordered Fifth Third Bank to file a certified copy of the state court record. (Dkt. Nos. 11, 19.) The first document in the certified state court record that Fifth Third Bank filed is the Correct Complaint, stamped June 29, 2011, at 4:35 p.m. (Dkt. No. 20, Ex. B.) Moreover, the Wrong

Complaint never appears as a pleading in the state court record. (*Id.*)[1] Nonetheless, Fifth Third Bank's attorney persisted in her assertion by affidavit that the Wrong Complaint was in the state court record at the time she checked it before filing an appearance in the state court case. (Dkt. No. 9, Ex. G ¶¶ 2-3.) According to her statement submitted with the certified state court record:

> When Fifth Third's counsel was obtaining the certified copies [of the state court record], one other pleading was missing from the court file: the complaint Fifth Third has referred to as the "Initial" Complaint [aka the Wrong Complaint] was not in the state court file. This was the first time, in the several occasions in which Fifth Third looked at the state court file, that the Initial Complaint was not in the file.

(Dkt. No. 20 ¶ 4.) Brown's attorney submitted a competing affidavit indicating that the only complaint he ever filed was the Correct Complaint, and that he checked the state court record and confirmed that the Correct Complaint was on file sometime between February 14, 2012, and April 11, 2012. (Dkt. No. 1, Ex. E, Ex. E ¶¶ 2, 8.)

In light of those factual disputes, the court set the December 19, 2012, evidentiary hearing to allow the parties to present evidence and argument on the questions of which complaint was in the state court record, which complaint is currently operative, and whether the court should believe Connolly's assertions that she attempted to serve a summons on Fifth Third Bank at CSC on September 27, 2011, or Gachaiya's assertions that CSC received no summons related to this case on that date. (*See* Dkt. No. 34.)

## ANALYSIS

---

[1] Normally, federal courts presume state court records are sufficiently reliable to be judicially noticed. *See Ennenga v. Starns* 677 F.3d 766, 773-74 (7th Cir. 2012) ("Here, the court took judicial notice of the dates on which certain actions were taken or were required to be taken in the earlier state-court litigation—facts readily ascertainable from the public court record and not subject to reasonable dispute."); *Henson v. CSC Credit Servs.*, 29 F.3d 280, 284 (7th Cir.1994) (finding public court documents judicially noticeable). Here, however, the parties' contradictory factual assertions about the state court record precluded the court from taking judicial notice of its contents. (*See* Dkt. No. 34, at 3.)

Fifth Third Bank's submissions in preparation for the hearing and the statements of Brown's counsel at the hearing are sufficient to allow the court to resolve the outstanding motions without further inquiry into the remaining factual disputes. The court will address each pending issue in turn.

I.   **Motion to Remand**

Under federal law, a defendant in state court may remove a case to federal court only if it files the notice of removal in federal court "within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based." 28 U.S.C. § 1446(b). According to Brown, Fifth Third Bank was served with the complaint on September 27, 2011, so the removal on April 23, 2012, was outside the 30-day limit. In this court's order of September 26, 2012, however, the court determined that Connolly's attempt to serve Fifth Third Bank at CSC on September 27, 2011, even accepting that it happened, was not successful under Illinois law. (Dkt. No. 34, at 3.) The court noted that although the proper defendant in this case is "Fifth Third Bank" (the operator of the Deerfield Banking Center Branch (Dkt. No. 33 ¶ 1)), the summons that Connolly says she served on September 27, 2011, is addressed to "Fifth Third Asset Management" (Dkt. No. 32, Ex. A), a wholly owned subsidiary of Fifth Third Bank (Dkt. No. 33, Ex. B). Illinois law establishes that "[t]he mere fact that a corporation is owned by another corporation does not render the subsidiary a proper agent for service of process upon the parent." *Rymal v. Ulbeco, Inc.*, 338 N.E.2d 209, 212 (Ill. App. Ct. 1975). Instead, Illinois courts will disregard corporate formalities only "[w]here the facts indicate that one corporation so controls the affairs of another corporation that the two entities are essentially one." *Id.* at 213. The court determined that Brown had presented no facts indicating that the court

should treat Fifth Third Bank and Fifth Third Asset Management as the same entity, and that the summons addressed to Fifth Third Asset Management thus failed to effectuate lawful service on Fifth Third Bank.

At this point the factual concession by Brown's counsel, Mr. Richard Zachary, at the hearing on December 19, 2012, becomes relevant. In response to the court's inquiry, Mr. Zachary stated that Fifth Third Bank has not been served since the failed attempt at service on September 27, 2011. Moreover, as Fifth Third Bank points out, the 30-day time limit for removal cannot begin to run until formal service of the complaint. *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347-48 (1999) ("[A] named defendant's time to remove is triggered by simultaneous service of the summons and complaint, or receipt of the complaint, through service or otherwise, after and apart from service of the summons, *but not by mere receipt of the complaint unattended by any formal service*." (emphasis added)). Accordingly, Fifth Third Bank's removal of the case on April 23, 2012, was timely.[2] Brown's motion to remand (Dkt. No. 13) is denied.

## II.     Motion to Dismiss for Failure to State a Claim

In its submissions to prepare for the hearing, Fifth Third Bank conceded that the Correct Complaint is the currently operative pleading. (*See* Dkt. No. 41, at 6.) Thus, there is no further need for the court to resolve the factual dispute about which of the complaints was in the state court record. Fifth Third Bank's pending motion to dismiss for failure to state a claim was based on the premise that the Wrong Complaint was operative. Because Fifth Third Bank has presented no

---

[2] The only federal circuit to address the issue has held that notice of removal may be filed before proper service is completed. *See Delgado v. Shell Oil Co.*, 231 F.3d 165, 170-171, 177 & n.23 (5th Cir. 2000). The court adopts the reasoning of the Fifth Circuit and holds that Fifth Third Bank's removal was timely even though it had not been properly served at the time of removal.

argument that the Correct Complaint fails to state a claim, its motion to dismiss Brown's complaint for failure to state a claim must be, and is, denied.

## III. Motion to Dismiss for Lack of Diligence in Service of Process

The only remaining issue is Fifth Third Bank's motion to dismiss for lack of diligence in the service of process. Because the alleged service on Fifth Third Bank occurred before removal, the court applies state procedural rules to determine the sufficiency of process. *Romo v. Gulf Stream Coach, Inc.*, 250 F.3d 1119, 1122-1123 (7th Cir. 2001) (state procedural rules apply to determine if defendant was timely served before removal). Illinois Supreme Court Rule 103(b) provides that

> **(b) Dismissal for Lack of Diligence**. If the plaintiff fails to exercise reasonable diligence to obtain service on a defendant prior to the expiration of the applicable statute of limitations, the action as to that defendant may be dismissed without prejudice. If the failure to exercise reasonable diligence to obtain service on a defendant occurs after the expiration of the applicable statute of limitations, the dismissal shall be with prejudice as to that defendant only and shall not bar any claim against any other party based on vicarious liability for that dismissed defendant's conduct. The dismissal may be made on the application of any party or on the court's own motion. In considering the exercise of reasonable diligence, the court shall review the totality of the circumstances, including both lack of reasonable diligence in any previous case voluntarily dismissed or dismissed for want of prosecution, and the exercise of reasonable diligence in obtaining service in any case refiled under section 13-217 of the Code of Civil Procedure.

Illinois courts consider a variety of factors to determine if a plaintiff has employed "reasonable diligence to obtain service":

> Each case is decided on its own facts and circumstances, and while no absolute standard exists, certain non-exclusive factors are to be considered, such as (1) the length of time used to obtain service of process, (2) the activities of the plaintiff during that time period, (3) the plaintiff's knowledge of the defendant's location; (4) the ease with which the defendant's whereabouts could have been ascertained, (5) actual knowledge on the part of the defendant concerning the pendency of the action, (6) any special circumstances affecting the plaintiff's efforts at service, and (7) actual service on the defendant.

*Kole v. Brubaker*, 759 N.E.2d 129, 134 (Ill. App. Ct. 2001). When setting the evidentiary hearing,

the court indicated that even though Connolly's attempt to serve Fifth Third Bank at CSC in Springfield failed (even accepting that it occurred) because the summons was addressed to the wrong party (and CSC was, in any case, not Fifth Third Bank's registered agent), the court would consider as a factor whether Fifth Third Bank's receptionist misled Connolly by instructing her that Fifth Third Bank could be served at CSC. (Dkt. No. 34, at 3.) The court set the evidentiary hearing to determine the factual question of whether Connolly actually attempted service at the Deerfield Banking Center Branch and at CSC, as she asserted.

Once again, however, the factual concession by Mr. Zachary at the December 19, 2012, hearing makes further inquiry unnecessary. As explained previously, the court's order of September 26, 2012, held that Connolly's attempt to serve Fifth Third Bank at CSC on September 27, 2011, was legally insufficient to serve Fifth Third Bank. (Dkt. No. 34, at 3.) Brown has made no further efforts in the almost three months since that order to effectuate proper service on Fifth Third Bank. In addition, Mr. Zachary provided no explanation for the failure, other than to indicate that he was not aware that the court's order had decided that the September 27, 2011, service was improper. The court order had been docketed in the public court file upon issuance (Dkt. No. 34) and plainly stated that "service on Fifth Third Bank's subsidiary was insufficient to effectuate service on Fifth Third Bank" and that "Fifth Third Bank thus did not receive the Correct Complaint on September 27, 2011." (Dkt. No. 34, at 3.) The failure of Mr. Zachary to check the court docket at reasonable intervals to stay abreast of the court's orders is an extreme lack of diligence.

Moreover, even if somehow Mr. Zachary could be excused for not being aware of the court's holding, he has known for months that Fifth Third Bank contested the sufficiency of process and that the court could decide that service was improper. Fifth Third Bank filed the first Gachaiya affidavit

with its reply in support of its motion to dismiss on May 10, 2012, providing ample notice to Mr. Zachary of the dispute about the sufficiency of service on September 27, 2011. Any reasonably diligent attorney would have corrected the potential error and caused Fifth Third Bank to be served at that point, but Mr. Zachary did nothing at the time and has done nothing in the intervening months. From those facts alone, regardless of the resolution of the remaining factual disputes, the court determines that Brown and her attorney, Mr. Zachary, have not been reasonably diligent in their efforts to obtain service.

But there is more. Fifth Third Bank's attorney stated at the hearing that Fifth Third Bank can be served at any of its banking locations in Illinois, or at its corporate offices at 222 S. Riverside Plaza in Chicago. Moreover, Brown had knowledge of that fact because she served the Charge of Discrimination underlying this case on Fifth Third Bank at 222 S. Riverside Plaza. (Dkt. No. 43, at 7; Dkt. No. 43, Ex. 15.) It thus should have been easy to determine Fifth Third Bank's location for the purpose of service. Brown's failure to do so further bolsters the finding of a lack of diligence.

And finally, the behavior of Brown's counsel, Mr. Zachary, at the hearing further supports the court's finding of a lack of reasonable diligence to obtain service. First, Mr. Zachary failed to file a witness list, an exhibit list, and pertinent law with the court by December 14, 2012, as the court had ordered. (Dkt. No. 40.) That failure in itself would justify a decision to bar Brown from presenting any witnesses at the hearing. *See* Fed. R. Civ. P. 37(c)(1). After Mr. Zachary appeared fifteen minutes late for the hearing, he produced for the first time, with no advance notice to Fifth Third Bank, what he asserted was the original summons in this case that he had just recently "found" in a file in his office. Mr. Zachary then attempted to tender exhibits to the court and to Fifth Third Bank's counsel, leaving little to no time for review of the exhibits. Then, after examination of Fifth

Third Bank's witnesses began, Mr. Zachary inexplicably left the well of the courtroom and seated himself in the public area of the courtroom. Despite the court's admonition to him to remain in the well of the courtroom, Mr. Zachary returned to the public area several more times during the hearing. As the hearing proceeded, moreover, it became apparent that Mr. Zachary was not prepared to address the disputed issues. Mr. Zachary's lack of preparedness for the hearing, which was scheduled to address the propriety and diligence of his attempts to serve process in this case, also supports the finding that he has not been diligent in his attempts to obtain service.

The court is thus convinced that a further evidentiary hearing is unnecessary and would merely waste the court's and the parties' resources. The court has seen more than enough to conclude that Brown, through her counsel, Mr. Zachary, has not been diligent in seeking to effectuate proper service of process on Fifth Third Bank in this case.

## CONCLUSION

For the reasons explained above, Brown's motion to remand (Dkt. No. 13) is denied, and Fifth Third Bank's motion to dismiss Brown's complaint for lack of diligence in the service of process (Dkt. No. 1, Ex. C) is granted. Because the statute of limitations has expired, the dismissal of Brown's complaint is a dismissal with prejudice. Ill. Sup. Ct. R. 103(b). The evidentiary hearing the court set orally for January 9, 2013, at 9:30 am is cancelled. Fifth Third Bank's "Motion to Bar" (Dkt. No. 44) and its "Motion to Excuse" (Dkt. No. 47) are moot. This civil case is terminated.

ENTER:

_JAMES F. HOLDERMAN_
Chief Judge, United States District Court

Date: December 20, 2012