IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| SHAMEKA BROWN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 12 C 2981 |
| | ) | |
| FIFTH THIRD BANK, | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |

MEMORANDUM OPINION AND ORDER

JAMES F. HOLDERMAN, Chief Judge:

On December 20, 2012, this court issued a memorandum opinion and order denying plaintiff Shameka Brown's motion to remand this case to state court (Dkt. No. 13), granting defendant Fifth Third Bank's motion to dismiss for lack of diligence in service of process (which was pending at the time of removal, and can be found at Dkt. No. 1, Ex. C), and terminating this case. (Dkt. No. 51.) The court's ruling was based in part on Brown's failure to cure the defect in service after the court held on September 26, 2012, that Brown's attempts to serve defendant Fifth Third Bank had failed. (*Id.* at 9-10.) On January 19, 2012, Brown moved to alter or amend the court's December 20 order under Fed. R. Civ. P. 59(e). (Dkt. No. 52.) Brown's attorney, Mr. Richard Zachary, contended in the motion that he received a defective version of the court's September 26, 2012, order, that he was not aware of the court's ruling that service was improper, and that the dismissal of the case for lack of diligence in the service of process was thus improper.

The court referred the motion to reconsider to Magistrate Judge Rowland on Janaury 24, 2013, to make a factual determination determining

if the document attached as the fourth page of Group Exhibit D to Brown's motion

and asserted to be a "true and accurate" copy of Docket # 34, the court's minute order of September 26, 2012, (Dkt. No. 52, Ex. D) is in fact an authentic copy of the electronic image that Brown's attorney, Richard Zachary, accessed when he attempted to retrieve Docket # 34 from the CM/ECF system, as he claims in his affidavit (Dkt. No. 52, Ex. A 21-23).

Magistrate Judge Rowland held a hearing on February 8, 2013, and on February 25 made the following findings of fact:

> 1. Mr. Zachary's one-page version of Document 34 . . . is NOT an authentic copy of the electronic image that Mr. Zachary accessed when he attempted to retrieve Document 34 from the ECF system.
> 2. The five-page version of Document 34 . . . is and was the only version of that document to ever appear on the docket in this case.
> 3. Document 34 was never modified following its September 26, 2012 upload.

(Dkt. No. 61, at 13.) Brown did not file any objections to those findings within the fourteen day period allowed by Federal Rule of Civil Procedure 72(a). Any objections are therefore waived.

Nonetheless, on March 14, 2013, Brown filed a "Motion for Leave to File Post-Hearing Affidavit Instanter" (Dkt. No. 62), in which he seeks permission to file an affidavit setting forth "exonerative facts" on the ground that Magistrate Judge Rowland denied him the opportunity to testify at the hearing. Even if the court were to accept Mr. Zachary's filing of March 14 as an objection to Magistrate Judge Rowland's findings of facts, however, after reviewing a draft of the transcripts of the February 5 and February 8, 2013, proceedings before Magistrate Judge Rowland, the court finds that Mr. Zachary's assertions are without merit.[1]

At the status hearing on February 5 before the hearing, for example, Judge Rowland commented to Mr. Zachary that the decision to testify was up to him. Mr. Zachary then told Judge Rowland that he was not going to testify. At the hearing on February 8, following the close of all

---

[1] The court requests that the assigned court reporter file the transcripts of the proceedings on February 5 and February 8, 2013 before Magistrate Judge Rowland in the court record.

2

testimony, Judge Rowland also asked if any counsel wished to present more witnesses, and Mr. Zachary never stated that he wished to testify. Based on the court's review of the draft transcripts, the court determines that Mr. Zachary's objection to Judge Rowland's findings of fact is without merit, and his motion for leave to file an affidavit is denied.

Accordingly, the court adopts Magistrate Judge Rowland's findings of fact for purposes of resolving the motion for reconsideration.

Motions under Rule 59(e) "must be filed no later than 28 days after the entry of the judgment," Fed. R. Civ. P. 59(e), and it is well settled that "[t]he district court cannot extend the time for making a Rule 59(e) motion." *Vukadinovich v. McCarthy*, 901 F.2d 1439, 1445 (7th Cir. 1990). Here, Brown filed her motion to reconsider twenty-nine days after the court entered the December 20 order (which was entered into the docket on December 21, 2012), so her motion is untimely. When a litigant files an untimely motion under Rule 59(e), the court must treat the motion as one for relief under Rule 60(b). *Easley v. Kirmsee*, 382 F.3d 693, 696 n.2 (7th Cir. 2004). Rule 60(b) provides for relief if the litigant discovers new evidence, for "mistake, inadvertence, surprise, or excusable neglect," for fraud, if the judgment is void, satisfied, released, or discharged, and for "any other reason that justifies relief." Rule 60(b) is "'an extraordinary remedy and is granted only in exceptional circumstances.'" *Eskridge v. Cook Cnty.*, 577 F.3d 806, 809 (7th Cir. 2009) (citation omitted). It is "'designed to address mistakes attributable to special circumstances and not merely to erroneous applications of law.'" *Id.* (citation omitted).

Magistrate Judge Rowland's factual finding was that Brown's attorney did not receive an inaccurate copy of the court's September 26, 2012, order. In light of that finding, none of Brown's arguments show that she is entitled to relief under the stringent standard of Rule 60(b).

3

Accordingly, Brown's motion for reconsideration is denied.

## CONCLUSION

For the reasons explained above, Brown's motion to alter or amend the judgment (Dkt. No. 52) is denied. Brown's motion for leave to file a post-hearing affidavit (Dkt. No. 62) is also denied. The court requests that the assigned court reporter file the transcripts of the proceedings on February 5, 2013, and February 8, 2013 before Magistrate Judge Rowland in the court record.

ENTER:

_____
JAMES F. HOLDERMAN
Chief Judge, United States District Court

Date: March 14, 2012